

**FILED**
**Feb 12, 2021**
**02:05 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Doris Gibbs | ) Docket No. 2020-03-0219 |
| | ) |
| v. | ) State File No. 118452-2019 |
| | ) |
| Express Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Reversed and Remanded

---

The employee alleged she injured her right leg at work and filed a petition for benefits. The Tennessee Subsequent Injury and Vocational Recovery Fund ("SIF") was added as a party. Following the employee's filing of a request for additional temporary disability and medical benefits, the trial court set a status conference to select the dates for an expedited hearing and the parties' filing deadlines. The employer and SIF subsequently filed a joint motion for summary judgment asserting they had negated causation, an essential element of the employee's claim. In their reply to the employee's response, they additionally asserted the employee's evidence was insufficient to establish causation. The trial court heard arguments on the summary judgment motion on the day set for the status conference and granted the motion, concluding the employer and SIF had negated causation and demonstrated that the employee's evidence was insufficient to establish causation. The employee has appealed. We conclude the employer and SIF did not meet their summary judgment burdens, and we reverse the trial court's grant of summary judgment and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Doris Gibbs, Claxton, Georgia, employee-appellant, pro se

Garett P. Franklyn, Knoxville, Tennessee, for the employer-appellee, Express Services, Inc.

Allison Lowry, Knoxville, Tennessee, for the appellee, Subsequent Injury and Vocational Recovery Fund

## Factual and Procedural Background

On December 12, 2019, Doris Gibbs ("Employee") struck her right leg on storage containers while in the course of her work for Express Services, Inc. ("Employer"). Employer provided some temporary disability benefits and authorized medical care with Dr. Christine Seaworth.[1] On February 10, 2020, Employee filed a petition seeking additional temporary disability and medical benefits. Following unsuccessful mediation in which Employer, Employee, and SIF participated, Employee sought an in-person evidentiary hearing to address her requests for additional benefits.

Employee later requested the court to allow her to participate in the expedited hearing by telephone. On June 18, 2020, the trial court entered an order granting Employee's request to participate telephonically and setting a July 1 deadline for Employee to file documents she wanted the court to consider in the expedited hearing. The June 18 order allowed Employer and SIF until July 1 to file any discovery motions they deemed appropriate.

Employee had been self-represented in her claim for benefits until July 1. On that date, an attorney filed a notice of appearance on her behalf. Later the same day, Employer and SIF filed a joint motion to compel Employee to supplement her responses to discovery requests that had previously been served. An agreed order was entered on July 10 allowing Employee through August 10 to submit additional responses to Employer's and SIF's discovery requests.

On August 13, the court entered an order setting a status conference for October 1. The order stated that "[t]he parties advised that they are awaiting receipt of additional medical records and a causation opinion from the treating physicians. As such, the parties agreed to set a Status Conference in forty-five days to set the Expedited Hearing date and each party's filing deadlines."

Two weeks later, on August 25, Employer and SIF jointly filed a motion for summary judgment and requested that Employee's claim be dismissed. The motion did not include a statement as to the date the motion would be heard by the court as mandated by Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(b) (2019). It was accompanied by a statement of facts that were asserted to be undisputed, a memorandum in support of the motion, and Dr. Seaworth's affidavit.

Dr. Seaworth's affidavit stated that she had provided treatment to Employee beginning in January 2020. It further stated that she had reviewed medical records for

---

[1] The parties dispute whether Dr. Seaworth was selected from a panel of physicians as contemplated in Tennessee Code Annotated Section 50-6-204(a)(3) and whether her causation opinion is entitled to a presumption of correctness as provided in section 50-6-102(14)(E). Our resolution of this appeal does not require that we address these issues, and we accordingly express no opinion as to these issues.

Employee's "complaints and symptoms of and treatment to her lumbar spine and right lower extremity *prior to* her date of injury," and that she had reviewed medical records for Employee's "complaints and symptoms of and treatment to her right lower extremity *after* her date of injury." (Emphasis added.) In addition, the affidavit stated that, to a reasonable degree of medical certainty, and considering all causes, it was her opinion that Employee's "*complaints and symptoms* related to her right lower extremity are at least 50% related to her pre-existing *complaints and symptoms*." (Emphasis added.) The memorandum in support of Employer's and SIF's motion asserted "Dr. Seaworth's opinion is determinative as to causation," and that Employer and SIF had negated an essential element of Employee's claim.[2]

On September 24, two pleadings were filed. The first was Employee's response in opposition to the summary judgment motion in which Employee asserted Employer and SIF were not entitled to judgment as a matter of law "because their motion is premature[,] and the record contains genuine issues of material fact." Employee disputed many of the facts asserted to support the summary judgment motion and filed separate statements of allegedly undisputed facts. One of those statements asserted the trial court had issued the August 13 order setting an October 1 status conference and noted the August 13 order provided that "the parties seek additional medical records and causation opinions, and that the parties agree to a status conference to set each party's filing deadlines." Employee's statement of undisputed facts also asserted that "[o]n September 2, 2020, [the trial court] issued a Notice of Summary Judgment Motion modifying the status hearing set for October 1, 2020 to permit a hearing on Defendants' summary judgment motion."[3] The only additional information in the record indicating why the summary judgment motion was heard on the date of the previously scheduled status conference comes from representations included in filings by Employer and SIF in which they assert Employee agreed to October 1 as the date to hear the motion for summary judgment.

The second pleading filed on September 24 was a motion in which Employee's counsel requested to withdraw his representation of Employee and an order "[s]taying these proceedings and tolling all applicable deadlines for a time of thirty (30) days to provide Employee ample time in which to secure replacement counsel." Employee's attorney filed an affidavit with this motion in which he stated he had advised Employee of his intent to withdraw on September 21. On September 28, Employer and SIF filed a response to Employee's motion stating they "do not oppose Employee's attorney withdrawing," but

---

[2] Notably, the joint motion and memorandum did not address the second alleged basis for summary judgment; specifically, neither the motion nor the memorandum addressed whether Employee's proof was insufficient as a matter of law. In their reply to Employee's response objecting to the motion for summary judgment, Employer and SIF asserted they had negated an essential element of Employee's claim *and* Employee's proof was insufficient to establish causation.

[3] The record on appeal does not contain a notice or order addressing the scheduling of a hearing on the motion for summary judgment.

"oppose the timing of the withdrawal insofar as it potentially seeks to delay the hearing on summary judgment." Employer and SIF also filed a reply to Employee's response to the motion for summary judgment on September 28 in which they asserted that, "by providing Dr. Seaworth's opinion," they had both negated an essential element of Employee's claim and demonstrated Employee's evidence was insufficient to establish an essential element of her claim.

Following the October 1 hearing, the trial court entered an order granting summary judgment. The court found Employee's argument that the summary judgment motion was premature to be unpersuasive, noting that Tennessee Rule of Civil Procedure 56.07 provides a mechanism to guard against premature grants of summary judgment and that Employee did not file a motion for a continuance or an affidavit stating her reason for a continuance. The court stated that Dr. Seaworth provided the only expert opinion on causation and that the doctor concluded Employee's right leg "complaints and symptoms" were at least 50% related to her pre-existing condition. Noting that Employee "offered no other evidence," the court concluded that Employer and SIF "negated an essential element of [Employee's] claim and demonstrated that her evidence is insufficient to establish the causal relationship between her injury and her employment."

On the same date the court granted summary judgment, the court entered a second order allowing Employee's attorney to withdraw and denying the motion to stay the proceedings. This order stated that the court heard arguments on the summary judgment motion on October 1, "followed by a hearing on the motion to withdraw." The court granted Employee's counsel permission to withdraw but denied the motion to stay proceedings and to toll all applicable deadlines "as moot," stating that, "by separate order, the Court granted summary judgment to [Employer and SIF] as a matter of law and dismissed [Employee's] claim with prejudice." Employee timely filed a notice of appeal of the order granting summary judgment.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment likewise is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

4

**Analysis**

As the parties moving for summary judgment who do not bear the burden of proof at trial, Employer and SIF may satisfy their burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264. The trial court concluded that Employer and SIF both negated an essential element of Employee's claim and demonstrated that Employee's evidence is insufficient to establish the causal relationship between her injury and her employment. We address these conclusions separately.

*Whether an Essential Element of Employee's Claim was Negated*

As pertinent here, Tennessee Code Annotated section 50-6-102(14) defines "injury" to mean "an injury by accident . . . arising primarily out of . . . employment, that causes . . . disablement or the need for medical treatment of the employee." Thus, establishing an injury arising primarily out of the employment that causes disablement and/or a need for medical treatment is an essential element of Employee's claim for workers' compensation benefits. The definition of injury provides in section 50-6-102(14)(B) that "[a]n injury 'arises primarily out of . . . employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Further, section 50-6-102(14)(C) states that "[a]n injury causes . . . disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

Employer and SIF bear the initial burden of establishing the basis of their motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which they believe demonstrate the absence of a genuine issue of material fact. They filed a statement of the material facts they claim supported their position that there was no genuine issue for trial, which consisted of eight separate paragraphs, only two of which are material: (1) "The Employee alleges a date of injury on December 12, 2019 to her right lower extremity after striking her right lower extremity on two storage totes"; and (2) "On July 28, 2020, the authorized treating physician, Dr. Seaworth, opined that the Employee's complaints and symptoms related to her right lower extremity are at least 50% related to her pre-existing complaints and symptoms." As pertinent here, Dr. Seaworth's affidavit stated the following:

(1) I have reviewed certain medical records from Methodist Medical Center, Putnam County Medical Center, and Southeast Spine and Pain

5

Associates, for [Employee's] complaints and symptoms of and treatment to her lumbar spine and right lower extremity prior to her date of injury.

(2) I have also reviewed certain medical records from MCC of Oak Ridge for her complaints and symptoms of and treatment to her right lower extremity after her date of injury.

(3) Based on the foregoing, it is my opinion, within a reasonable degree of medical certainty, and considering all causes, that [Employee's] complaints and symptoms related to her right lower extremity are at least 50% related to her pre-existing complaints and symptoms.

Dr. Seaworth reviewed medical records of Employee's "complaints and symptoms" both "prior to" and "after" Employee's date of injury. However, Dr. Seaworth does not address whether Employee's injury arose primarily out of her employment, whether Employee's injury resulted in any disablement, whether Employee needed additional medical treatment for her injury, or whether Employee's need for additional medical treatment, if any, was caused by the injury. Rather, she offers the opinion that Employee's "complaints and symptoms related to her right lower extremity are at least 50% related to her pre-existing complaints and symptoms." Whether Employee's right leg complaints and symptoms are related to her pre-existing condition may be relevant to the issue of causation, but the opinion does not address whether the incident at work was the primary cause of any disablement or need for additional medical treatment. Thus, Employer and SIF did not meet their burden of negating an essential element of Employee's claim and did not shift the burden to Employee to respond to Employer's and SIF's allegation that an essential element of her claim had been negated.

*Whether Employer and SIF Demonstrated that Employee's Evidence was Insufficient*

As stated above, we are required to "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. The trial court stated that "[t]hrough Dr. Seaworth's affidavit, the Court holds that [Employer and SIF] negated an essential element of [Employee's] claim *and demonstrated that her evidence is insufficient to establish the causal relationship between her injury and her employment*." (Emphasis added.) We have concluded, however, that Dr. Seaworth's affidavit did not negate an essential element of Employee's claim and did not shift the burden to Employee to respond to Employer's and SIF's allegation that an essential element of her claim had been negated. Similarly, we conclude Dr. Seaworth's affidavit does not "demonstrate that [Employee's] evidence is insufficient to establish the causal relationship between her injury and her employment." However, that does not end our inquiry.

6

What is required for a party pursuing summary judgment on the basis that the nonmoving party's evidence is insufficient as a matter of law requires a more complex analysis. In *Rye*, the Tennessee Supreme Court reviewed the history of summary judgment in Tennessee and, in doing so, addressed "The Celotex Trilogy," stating that the Court "adopted and applied the summary judgment standards articulated in the *Celotex* trilogy and in Tennessee Rule 56." *Rye*, 477 S.W.3d at 273. As stated in *Rye*,

> [A] moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.*

*Rye* at 264-65.

In this case, the statement of material facts set forth by Employer and SIF did not address Employee's evidence or the lack thereof. It did not affirmatively show the absence of evidence in the record to establish Employee's claim. The statement of material facts did not address Employer's and SIF's efforts to establish the inadequacy of the documentary evidence, and it did not address or review for the court any admissions, interrogatories, or other exchanges between the parties to support their position that Employee's evidence was insufficient. Rather, the motion relied on Dr. Seaworth's opinion to establish the insufficiency of Employee's proof of causation. Our review of the requirements of Rule 56 leads us to conclude Employer and SIF did not meet their summary judgment burden. Their motion failed to properly support their assertion that Employee's evidence was insufficient as a matter of law. In addition to the motion failing to comply with Rule 0800-02-21-.18(1), the motion failed to set forth statements of undisputed facts addressing whether discovery efforts demonstrated that admissions, interrogatories, or other exchanges between the parties established Employee's proof was insufficient. Employer and SIF did not meet their burden of demonstrating that Employee's evidence is insufficient to establish her claim, and the burden never shifted to Employee to respond to Employer's and SIF's allegation that her evidence was insufficient.

**Conclusion**

For the foregoing reasons, we conclude the trial court's grant of summary judgment was in error, and we reverse the Compensation Order Granting Summary Judgment and remand the case. Costs on appeal are taxed to Employer.

7



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Doris Gibbs | ) Docket No. 2020-03-0219 |
| | ) |
| v. | ) State File No. 118452-2019 |
| | ) |
| Express Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of February, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Doris Gibbs | | | | X | dgibbs28@yahoo.com |
| Garett Franklyn Stephanie Joseph | | | | X | gpfranklyn@mijs.com sljoseph@mijs.com |
| Allison Lowry, Attorney, Subsequent Injury and Vocational Recovery Fund | | | | X | allison.lowry@tn.gov |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov